**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| NOBELBIZ, INC. | |
|      Plaintiff, | |
| v. | Civil Action No. _____ |
| OMEGA SERVICES, LLC, | |
|      Defendant. | |

## COMPLAINT

Plaintiff, NobelBiz, Inc. ("NobelBiz"), by and through its counsel, Capshaw DeRieux, L.L.P. and Gibbons P.C., as for its Complaint against Defendant, Omega Services, LLC (hereafter referred to as "Defendant"), states as follows:

## THE PARTIES

1.      Plaintiff NobelBiz is a privately held company incorporated under the laws of the State of Delaware, and having its principal place of business at 5973 Avenida Encinas, Suite 202, Carlsbad, California 92008.  NobelBiz also has an office in Plano, Texas, within this District.

2.      NobelBiz is a provider of innovative telecommunications solutions to call centers, collection agencies, among other clientele, worldwide, including within this District.

3.      Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Nevada, and having its principal place of business at 7469 West Lake Mead Boulevard, Suite 200, Las Vegas, Nevada 89128, and having a registered agent, Nevada Corporate Planners, Inc., located at 7477 West Lake Mead Boulevard, Suite 170, Las Vegas, Nevada 89128.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1, *et seq.*

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant because of Defendant's continuous and systematic business contacts with the State of Texas, including clients using its infringing service in Texas, and targeted advertising of its infringing service to potential clients in Texas.

7.      Venue is appropriate in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or 28 U.S.C. § 1400(b).

## NOBELBIZ'S PATENT

8.      On March 1, 2011, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 7,899,169 ("the '169 patent"), entitled "System And Method For Modifying Communication Information (MCI)."  A copy of the '169 patent is attached hereto as Exhibit A.

9.      NobelBiz is the assignee of the '169 patent.

10.     By way of a general description, the '169 patent discloses a method for processing a telephone call between two parties, where the telephone call contains information about a calling party and a receiving party.  An entry in a database (i.e., a carrier network of a telecommunication provider) is identified that matches calling party information with receiving party information, and for which a predetermined rule is satisfied.  Next, a telephone number associated with the match in the database entry is selected, and that telephone number is transmitted to the receiving party.  *See, e.g.,* the '169 patent, col. 1, ll. 45-56.

2

11.     In practice, the invention of the '169 patent allows a calling party in one geographical location to call a receiving party in another geographical location, and for the caller identification ("caller ID") or calling party number ("CPN") (collectively hereafter, "caller ID") of that call to appear to the receiving party as a telephone number from the receiving party's geographical region.

## NOBELBIZ'S AWARD WINNING LOCALTOUCH™ SERVICE

12.     NobelBiz has embodied features of the '169 patent and other patents in its LocalTouch™ Service.

13.     LocalTouch™ is designed to enhance the effectiveness of outbound teleservice call centers and for example, collection agencies, by increasing contact rates between calling parties and receiving parties.

14.     For example, by implementing the novel process of the '169 patent, LocalTouch™ has been shown to increase contact rates between calling parties and receiving parties by over thirty percent (30%).

15.     LocalTouch™ has been recognized by the industry as a pioneering service on multiple occasions.  For example, in 2008, LocalTouch™ received the prestigious Technovation Award from the American Teleservices Association "[f]or its unique approach to delivering calls to many locations through many levels of redundancy and for its ability to allow a customer to choose their telephony infrastructure."

## THE INFRINGING OMEGA SYSTEM

16.     Defendant is a telecommunications provider with a national network.

17.     Defendant offers a local caller ID management service referred to as "Caller ID Management."  Hereinafter, Defendant's local caller ID management service is referred to as the "Omega System."

18.     The Omega System is a caller ID modifying service which, like Nobel Biz's LocalTouch™ Service, is provided to call centers, commercial dialing operations, and businesses that conduct outbound dialing.

19.     The Omega System is claimed to increase answer rate by 30% which is similar to the increased response time attributed to Nobel Biz's LocalTouch™ Service.

20.     Defendant supplies its clients with numbers from at least 48 states to transmit when placing outbound calls.

21.     These numbers are displayed in the originating number field of the call recipient's caller ID device.

22.     When dialed, these numbers are switched within the network to terminate to a number of the client's choosing, allowing clients to dynamically control the alphanumeric caller name (or "CNAM") string associated with these numbers and the routing of their return calls for, e.g., a particular geographical location.

23.     The Omega System modifies or "inserts" an automatic number identification ("ANI") to the outgoing caller ID based on, e.g., a comparison of the geographical location of the calling party (e.g., a call center) to the geographical location of the receiving party.

24.     The Omega System thus modifies the caller ID for an outgoing telephone call to appear as a local number to the recipient of that call (i.e., the receiving party) just as described in the '169 patent.

25.     The Omega System is advertised primarily (if not only) to its customers based on the technology disclosed in the '169 patent.  For example, the Omega System is claimed to increase answer rate by 30% by tailoring the Caller ID information to a geographic location through dynamic call routing.

26.     Furthermore, Defendant's website, (http://www.calleridmanagement.com), advertises use of dynamically altering a telephone number to a number that has the same geographic location as the end customer's location.

27.     The Omega System practices the '169 patent.

28.     Upon information and belief, Defendant knew or should have known of the '169 patent upon its issuance.

29.     Upon information and belief, Defendant's infringement of the '169 patent has been and continues to be willful.

30.     Defendant has disregarded and continues to disregard an objectively high likelihood that its actions constitute infringement of the '169 patent.  This objectively-defined risk has been known or is so obvious that it should have been known to Defendant.

31.     Upon information and belief, Defendant is knowingly and willfully, directly and indirectly infringing the '169 patent by offering to sell and selling its Omega System in the United States, including within this judicial district.

**COUNT I – PATENT INFRINGEMENT OF THE '169 PATENT**

32.     NobelBiz restates and incorporates by reference paragraphs 1 through 31 as if stated fully herein.

33.     In violation of 35 U.S.C. § 271(a), Defendant has, literally and under the doctrine of equivalents, infringed the '169 patent and still is, literally and under the doctrine of equivalents, infringing the '169 patent, by, among other things, making, using, offering for sale, and/or selling its Omega System in the United States, and will continue to do so unless such infringing activities are enjoined by this Court.

34.     Upon information and belief, prior to this lawsuit, Defendant had knowledge or should have known of the '169 patent upon its issuance.

35.     Nonetheless, in violation of 35 U.S.C. § 271(b), Defendant knowingly induced infringement and possessed specific intent to encourage another's infringement of one or more claims of the '169 patent by, among other things, offering for sale, selling and/or by soliciting end users to purchase and use its Omega System in the United States, and will continue to do so unless such infringing activities are enjoined by this Court.

36.     Upon information and belief, in violation of 35 U.S.C. § 271(c), Defendant has contributorily infringed and continues to contributorily infringe, by selling and/or offering to sell within the United States the Omega System, which:

(a)     constitutes a material part of the invention of the '169 patent;

(b)     is known by Defendant to be especially adapted for use in infringing the '169 patent; and

(c)     is not suitable for substantial noninfringing use with respect to the '169 patent.

37.     NobelBiz will be substantially and irreparably harmed if Defendant's infringement of the '169 patent is not enjoined.  Plaintiffs do not have an adequate remedy at law.

38.     NobelBiz is entitled to recover from Defendant the damages sustained as a result of Defendant's infringing acts.

## <u>PRAYER FOR RELIEF</u>

Plaintiffs request that:

(a)     Judgment be entered that Defendant has directly and indirectly infringed the '169 patent;

(b)     Judgment be entered that Defendant's infringement of the '169 patent was willful;

(c)     An accounting be had for the damages resulting from Defendant's infringement of the '169 patent, including, without limitation, lost profits caused by the infringing activities of Defendant, and that the damages so ascertained be trebled and awarded together with interest and costs plus expenses, and pre- and post-judgment interest;

(d)     Judgment be entered that this is an exceptional case, and that NobelBiz is entitled to its reasonable attorney fees pursuant to 35 U.S.C. § 285;

(e)     A permanent injunction be issued, restraining and enjoining Defendant, its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of systems claimed in the '169 patent; and

(f)     The Court award such other and further relief as the Court may deem just and proper under the circumstances.

DATED:   July 6, 2012                     By: /s/ Elizabeth L. DeRieux
                                          S. Calvin Capshaw
                                          Texas Bar No. 03783900
                                          Elizabeth L. DeRieux
                                          Texas Bar No. 05770585
                                          D. Jeffrey Rambin
                                          Texas Bar No. 00791478
                                          **Capshaw DeRieux LLP**
                                          114 E Commerce Avenue
                                          Gladewater, TX 75647
                                          Telephone: (903) 233-4816
                                          Facsimile: (903) 236-8787
                                          Email: ccapshaw@capshawlaw.com
                                          Email: ederieux@capshawlaw.com
                                          Email: jrambin@capshawlaw.com

                                          Of Counsel:

                                          Ralph A. Dengler
                                          Charles H. Chevalier
                                          William A. Hector
                                          **GIBBONS, P.C.**
                                          One Gateway Center
                                          Newark, NJ 07102
                                          Phone: (973) 596-4825
                                          Facsimile: (973) 639-6381
                                          Email: rdengler@gibbonslaw.com
                                          Email: cchevalier@gibbonslaw.com
                                          Email: whector@gibbonslaw.com

                                          *Attorneys for Plaintiff*
                                          *NobelBiz, Inc.*